STATE OF NORTH CAROLINA v. RAYMOND CHARLES CREASON

No. COA95-913

(Filed 6 August 1996)

1. **Criminal Law § 1286 (NCI4th)— previous habitual felon conviction—subsequent habitual felon conviction—same predicate offenses—no double jeopardy**

There was no merit to defendant's contention that because he was previously convicted as a habitual felon, a second conviction as a habitual felon based partially upon the same predicate offenses constituted double jeopardy, since the North Carolina Supreme Court has previously held that once an individual who has already attained the status of a habitual felon is indicted for the commission of another felony, that person may then be also indicted in a separate bill as being a habitual felon.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.**

**2. Narcotics, Controlled Substances, and Paraphernalia § 207 (NCI4th)— controlled substance tax assessed—subsequent conviction on drug charges—no double jeopardy**

Conviction on the drug charges for which defendant was indicted in this case following the assessment of the controlled substance tax on the drugs in his possession at the time of the search of his residence did not constitute double punishment for the same offenses in violation of the Double Jeopardy Clause, since the North Carolina Controlled Substance Tax did not contain unusual features which would mark it as a punitive sanction rather than a tax.

**Am Jur 2d, Drugs and Controlled Substances § 192.**

**3. Evidence and Witnesses § 627 (NCI4th)— motion to suppress—failure to file affidavit—right to seek suppression waived**

Because defendant failed to file an affidavit to support his motion to suppress, he waived his right to seek suppression on constitutional grounds of the evidence seized from his apartment pursuant to a search warrant.

**Am Jur 2d, Motions, Rules and Orders § 13.**

**Modern status of rules as to use of motion in limine or similar preliminary motion to secure exclusion of prejudicial evidence or reference to prejudicial matters. 63 ALR3d 311.**

**4. Criminal Law § 1286 (NCI4th)— habitual felon indictment—questioning validity of original conviction—impermissible collateral attack**

When appealing the use of a prior conviction as a partial basis for a habitual felon indictment, inquiries are permissible only to determine whether the State gave defendant proper notice that he was being prosecuted for some substantive felony as a recidivist, pursuant to the procedure provided in N.C.G.S. § 14-17.3, and questioning the validity of the original conviction is an impermissible collateral attack.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.**

STATE v. CREASON

[123 N.C. App. 495 (1996)]

Appeal by defendant from judgment entered 26 January 1995 by Judge William Z. Wood, Jr., in Rowan County Superior Court. Heard in the Court of Appeals 15 April 1995.

*Attorney General Michael F. Easley, by Associate Attorney General, Teresa L. Harris, for the State.*

*Carlyle Sherrill for defendant appellant.*

SMITH, Judge.

Defendant was convicted of possession of marijuana with intent to sell and deliver, possession of cocaine with intent to sell and deliver, and knowingly maintaining a dwelling to keep/sell marijuana. After the jury found defendant guilty of the above charges, they were then asked to determine whether defendant was a habitual felon. Defendant was found to be a habitual felon and appealed his convictions to this Court. The facts leading to defendant's arrest and conviction will be discussed only to the extent necessary to understand defendant's assignments of error.

[1] In his first assignment of error, defendant contends the trial court erred by failing to dismiss the habitual felon indictment. Defendant argues that, because he was previously convicted as a habitual felon based upon the same predicate offenses, a second conviction as a habitual felon constituted Double Jeopardy.

Initially, we note that defendant failed to include the first habitual felon indictment in the record and has therefore made no showing that the two habitual felon convictions of which he complains were based upon the same predicate offenses. Defendant failed to comply with Rule 9(a)(3)(i) (1996) of the Rules of Appellate Procedure, thus subjecting this assignment of error to dismissal. However, even if the record in this case were complete, the issue brought forward by defendant has been squarely decided by this Court in *State v. Smith*, 112 N.C. App. 512, 517, 436 S.E.2d 160, 162 (1993). In that case, the defendant argued that "once certain underlying convictions are used to convict an individual as an habitual felon, those same convictions may not be used again to enhance another conviction." *Id.* Disagreeing with defendant's argument, the Court held:

[T]he Supreme Court described the habitual felon process in *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977), by stating once an individual "who has already attained the status of an habitual felon is indicted for the commission of another felony, that per-

son may then be also indicted in a separate bill as being an habitual felon." This implies that being an habitual felon is a status, that once attained is never lost. If the legislature had wanted to require the State to show proof of three new underlying felonies before a new habitual felon indictment could issue, then the legislature could have easily stated such. We will not rewrite the statute.

*Id.* As the argument raised by defendant in the instant case has been previously addressed by this Court and held to have no merit, this assignment of error is overruled.

[2] In his second assignment of error, defendant contends the trial court erred in failing to dismiss all of the indictments against him in this case on the ground that conviction on those charges constitutes Double Jeopardy. Defendant's residence was searched on 4 September 1992 in connection with the above listed drug offenses. Pursuant to the North Carolina Controlled Substance Tax Act, N.C. Gen. Stat. §§ 105-113.105 to 105-113.112 (1989), a notice of controlled substance tax assessment was issued to defendant by the North Carolina Secretary of Revenue on 8 September 1992. The Department of Revenue executed on a judgment against defendant on 8 September 1992. Defendant's vehicle was sold on 20 November 1992, in partial satisfaction of the judgment against him. Defendant was arrested on true bills of indictment on 3 May 1993 and tried on the underlying criminal charges on 24 January 1995.

Defendant, relying on the United States Supreme Court opinion, *Dept. of Revenue v. Kurth Ranch*, 511 U.S. ——, 128 L.Ed.2d 767 (1994), maintains that conviction on the drug charges for which he was indicted in this case, following the assessment of the controlled substance tax on the drugs in his possession at the time of the search of his residence, constitutes double punishment for the same offenses in violation of the Double Jeopardy Clause.

This issue has recently been addressed by this Court in *State v. Ballenger*, 123 N.C. App. 179, 472 S.E.2d 572 (1996). In that case the majority held that unlike the Montana controlled substance tax reviewed by the United States Supreme Court in *Kurth Ranch*, the North Carolina Controlled Substance Tax did not contain unusual features which marked it as a punitive sanction rather than a tax. The majority in *Ballenger* held that, because the North Carolina tax did not contain the same punitive characteristics as the Montana tax, it did not rise to the level of a second punishment violative of the

STATE v. CREASON

[123 N.C. App. 495 (1996)]

Double Jeopardy Clause. We note that the instant case involves the Controlled Substance Tax Act as it existed in *Ballenger*. That Act was later amended by repeal of some statutes and addition or modification of others. Though this panel was divided in *Ballenger*, all members of this Court are now bound by the majority opinion in that case. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 382, 379 S.E.2d 30, 36 (1989). Accordingly, we hold that conviction following assessment of the controlled substance tax did not constitute Double Jeopardy in this case, and defendant's assignment of error is overruled.

**[3]** In his third assignment of error, defendant contends the trial court erred in failing to suppress evidence obtained from his residence pursuant to a search warrant dated 4 September 1992. Defendant argues that, based upon the totality of the circumstances, the affidavit submitted in support of issuing the search warrant was insufficient to establish probable cause. Therefore, the search of his residence pursuant to the search warrant violated his constitutional rights. Because we find that defendant waived his right to raise on appeal the question of sufficiency of the affidavit and search warrant, we hold that the trial court committed no error.

A defendant who seeks to suppress evidence upon a ground specified in N.C. Gen. Stat. § 15A-974 must comply with the procedural requirements outlined in Article 53, Chapter 15A of the North Carolina General Statutes. *State v. Satterfield*, 300 N.C. 621, 624, 268 S.E.2d 510, 513 (1980); *State v. Holloway*, 311 N.C. 573, 576, 319 S.E.2d 261, 264 (1984), *habeas corpus granted, Holloway v. Woodard*, 655 F. Supp. 1245 (1987). Specifically, N.C. Gen. Stat. § 15A-977(a) states that a motion to suppress evidence made before trial "must be accompanied by an affidavit containing facts supporting the motion." *See Holloway*, 311 N.C. at 577, 319 S.E.2d at 264. The burden is upon the defendant to show that he has complied with the procedural requirements of Article 53. *Satterfield*, 300 N.C. at 624-25, 268 S.E.2d at 513-14. In the instant case, defendant failed to file an affidavit to support the motion to suppress. Therefore, he has waived his right to seek suppression on constitutional grounds of the evidence seized pursuant to the search warrant. *Holloway*, 311 N.C. at 577-78, 319 S.E.2d at 264. This assignment of error is overruled.

**[4]** In his final assignment of error, defendant contends the trial court erred in admitting evidence of a prior conviction as a basis for the habitual felon charge. At trial, defendant objected to the use of a

previous conviction for uttering a forged bank check claiming that he did not have counsel or that counsel was ineffective, thereby invalidating that conviction. After reviewing the file from that case, the trial judge found that defendant was represented by an attorney; therefore, his constitutional rights relating to representation were not violated and defendant's objection to the use of the conviction was denied. From that denial, defendant appeals.

When appealing the use of a prior conviction as a partial basis for a habitual felon indictment, inquiries are permissible only to determine whether the State gave defendant proper notice that he was being prosecuted for some substantive felony as a recidivist, pursuant to the procedure provided in N.C. Gen. Stat. § 14-7.3 (1993). *See State v. Winstead*, 78 N.C. App. 180, 336 S.E.2d 721 (1985). Questioning the validity of the original conviction is an impermissible collateral attack. The proper procedure which provides defendant adequate opportunity for adjudication of claimed deprivations of constitutional rights is under Article 89, Chapter 15A of the North Carolina General Statutes.

While this is a question of first impression, we are guided by the holdings in *State v. Noles*, 12 N.C. App. 676, 184 S.E.2d 409 (1971) and *State v. Stafford*, 114 N.C. App. 101, 440 S.E.2d 846, *motion to dismiss allowed, disc. review denied*, 336 N.C. 614, 447 S.E.2d 410 (1994). In *Stafford*, the defendant was charged with habitual impaired driving, which was based upon three prior impaired driving convictions. The defendant attempted to collaterally attack one of the previous convictions on the ground that it was invalid because the record in that case did not show that the defendant pled guilty "voluntarily and understandingly" as required under *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274 (1969). *Stafford*, 114 N.C. App. at 103, 440 S.E.2d at 847. This Court held that the defendant could not collaterally attack the validity of a prior DWI conviction. *Id.* at 104, 440 S.E.2d at 847.

Similarly, in *Noles*, the defendant attempted to collaterally attack the original judgment, which suspended his sentence in an appeal from the revocation of that suspension, again based upon *Boykin*. This Court held that defendant could not collaterally attack the original judgment in the second proceeding. The Court stated that the proper procedure for adjudication of claimed deprivations of constitutional rights after trial was under the Post-Conviction Hearing Act. *Noles*, 12 N.C. App. at 678, 184 S.E.2d at 410. In the instant case,

defendant is provided adequate opportunity for adjudication of claimed deprivations of constitutional rights under Article 89, Chapter 15A of the North Carolina General Statutes. This assignment of error is overruled.

In summary, we hold being a habitual felon is a status, that once attained, is never lost. In this case, the three underlying convictions used to establish defendant's habitual felon status in another substantive conviction could be used in this case to establish defendant's status as a habitual felon. Secondly, we hold that, in accordance with *State v. Ballenger* 123 N.C. App. at 184, 472 S.E.2d at 575, conviction following assessment under the North Carolina Controlled Substance Tax Act does not constitute Double Jeopardy. Thirdly, we hold defendant waived his right to seek suppression of evidence seized pursuant to a search warrant by failing to include an affidavit containing facts to support his motion to suppress in accordance with N.C. Gen. Stat. § 15A-977. Finally, we hold defendant may not collaterally attack a prior conviction which is the basis of a habitual felon charge. Accordingly, we find that defendant's trial was free from error.

No error.

Chief Judge ARNOLD and Judge MARTIN, John C. concur.