STATE OF NORTH CAROLINA v. RYAN JEFFERY ADAMS, DEFENDANT

No. COA98-373

(Filed 6 April 1999)

**Appeal and Error— effect of Fourth Circuit decision—tax on seized narcotics**

   The trial court erred by dismissing charges against defendant for controlled substances violations based on double jeopardy where a judgment against defendant had been docketed for a tax liability on the seized drugs and a portion of that amount had been paid. The trial court ruling conflicted with decisions of the North Carolina appellate courts; although defendant proffered a Fourth Circuit decision as sustaining the trial court's action, federal appellate decisions are not binding upon either the appellate or trial courts of North Carolina with the exception of decisions of the United States Supreme Court. Reexamining the North Carolina appellate holdings in light of the Fourth Circuit opinion or modifying the statute are not within the province of the Court of Appeals.

   Appeal by the State from judgment filed 24 February 1998 by Judge W. Douglas Albright in Randolph County Superior Court. Heard in the Court of Appeals 18 February 1999.

   *Attorney General Michael F. Easley, by Special Counsel Hampton Y. Dellinger and Assistant Attorney General William B. Crumpler, for the State.*

   *Jonathan L. Megerian for defendant-appellee.*

JOHN, Judge.

   The State appeals the trial court's grant of defendant's motion to dismiss. We reverse the trial court.

Pertinent facts and procedural history include the following: In the course of defendant's 8 August 1997 arrest on charges of violations of the North Carolina Controlled Substances Act, N.C.G.S. §§ 90-86 through 90-113.8 (Supp. 1995), approximately 1,300 grams of cocaine and 9,000 grams of marijuana were seized. Subsequently, the North Carolina Department of Revenue sought to collect unpaid taxes on the seized drugs pursuant to the North Carolina Controlled Substance Tax Act, N.C.G.S. §§ 105-113.105 through 105-113.113 (1995) (the Drug Tax). On 3 September 1997, a Certificate of Tax Liability in the amount of $456,574.26 was docketed as a judgment against defendant in the Office of the Randolph County Clerk of Superior Court. Defendant paid a portion of that amount prior to the scheduled trial date of 17 February 1998.

Defendant subsequently moved to dismiss the charges against him, alleging prosecution thereon was barred under the principle of double jeopardy. Defendant's motion was allowed 17 February 1998 and the State thereafter filed timely notice of appeal.

In the main, the State submits the trial court's ruling must be reversed because it conflicts with the decisions of our appellate courts in *State v. Ballenger*, 123 N.C. App. 179, 472 S.E.2d 572 (1996), *aff'd per curiam*, 345 N.C. 626, 481 S.E.2d 84, *cert. denied*, U.S. , 139 L. Ed. 2d 29 (1997), and *State v. Creason*, 123 N.C. App. 495, 473 S.E.2d 771 (1996), *aff'd per curiam*, 346 N.C. 165, 484 S.E.2d 525 (1997). We agree.

Defendant does not dispute that *Ballenger* and *Creason* upheld assessment and collection of the Drug Tax pursuant to G.S. § 105-113.105 through 105-113.113 against a constitutional challenge indistinguishable from that mounted by defendant herein. *See Ballenger*, 123 N.C. App. at 180, 472 S.E.2d at 573, and *Creason*, 123 N.C. App. at 498-99, 473 S.E.2d at 772. Notwithstanding, in his appellate brief and at oral argument, defendant proffered the decision of the United States Court of Appeals for the Fourth Circuit in *Lynn v. West*, 134 F.3d 582 (4th Cir. 1998), *cert. denied*, U.S. , 142 L. Ed. 2d 36 (1998), as sustaining the trial court's action.

However, with the exception of decisions of the United States Supreme Court, federal appellate decisions are not binding upon either the appellate or trial courts of this State. *See State v. McDowell*, 310 N.C. 61, 74, 310 S.E.2d 301, 310 (1984) (state courts should treat "decisions of the United States Supreme Court as binding and accord[] to decisions of lower federal courts such persuasiveness as

**STATE v. ADAMS**

[132 N.C. App. 819 (1999)]

these decisions might reasonably command"). It is axiomatic, moreover, that one panel of this Court is bound by the prior decision of another panel addressing the same issue, although in a different case, absent modification by our Supreme Court, *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), and that this Court is "responsib[le] to follow" decisions of the North Carolina Supreme Court. *Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993).

Accordingly, while our Supreme Court may wish to reexamine the holding of *Ballenger* and *Creason* in light of the Fourth Circuit's decision in *Lynn v. West* or the General Assembly may seek to modify G.S. §§ 105-113.105 through 105-113.113, neither action is within the province of this Court. *See Civil Penalty*, 324 N.C. at 384, 379 S.E.2d at 37; *Pate*, 334 N.C. at 118, 431 S.E.2d at 180; and *McDowell*, 310 N.C. at 74, 310 S.E.2d at 310. The trial court's dismissal of the charges against defendant is reversed.

Reversed.

Judges WALKER and McGEE concur.