JOAN GORE MILLIGAN, INDIVIDUALLY AND FOR THE BENEFIT AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFF v. STATE OF NORTH CAROLINA; THE NORTH CAROLINA DEPARTMENT OF REVENUE; MURIEL K. OFFERMAN, IN HER CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE; RICHARD W. RIDDLE, IN HIS CAPACITY AS DIRECTOR OF THE CONTROLLED SUBSTANCE TAX DIVISION OF THE NORTH CAROLINA DEPARTMENT OF REVENUE; THE NORTH CAROLINA DEPARTMENT OF STATE TREASURER; HARLAN E. BOYLES, IN HIS CAPACITY AS TREASURER OF THE STATE OF NORTH CAROLINA, DEFENDANTS

No. COA99-14

(Filed 7 December 1999)

### Drugs— drug tax—not criminal penalty—procedural safeguards not required

Plaintiff is not entitled to a refund of taxes she paid pursuant to N.C.G.S. § 105-113.111 for marijuana seized in her home by law enforcement officers because the drug tax is not a criminal penalty entitling defendant to the procedural safeguards of the Fifth and Sixth Amendments.

Appeal by plaintiff from judgment filed 23 October 1998 by Judge B. Craig Ellis in Wake County Superior Court. Heard in the Court of Appeals 19 October 1999.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Norma S. Harrell, for the State.*

*Wyatt Early Harris & Wheeler, L.L.P., by Scott F. Wyatt, William E. Wheeler, and Stanley F. Hammer, for plaintiff-appellant.*

GREENE, Judge.

Joan Gore Milligan (Plaintiff), individually and for the benefit and on behalf of those similarly situated, appeals from an Order entering a Rule 12(b)(6) dismissal of the complaint filed against the State of North Carolina; the North Carolina Department of Revenue (Department of Revenue); Muriel K. Offerman, in her capacity as Secretary of the Department of Revenue; Richard W. Riddle, in his capacity as Director of the Controlled Substance Tax Division of the Department of Revenue; the North Carolina Department of State Treasurer; and Harlan E. Boyles, in his capacity as Treasurer of the State of North Carolina (collectively, Defendants).

Plaintiff's complaint requests refunds of taxes paid pursuant to Article 2D, Chapter 105 of the North Carolina General Statutes. N.C.G.S. ch. 105, art. 2D (1995) (amended 1997 & Supp. 1998). These statutes were known as the "North Carolina Controlled Substance Tax" (Drug Tax).[1]

The allegations of the complaint reveal that on 8 December 1995, law enforcement officers seized marijuana from Plaintiff's home and arrested her for possession with intent to manufacture, sell, or deliver that same marijuana, as well as for maintaining both a place and a vehicle to keep controlled substances. On 23 September 1996, pursuant to N.C. Gen. Stat. § 105-113.111, the Department of Revenue assessed a tax liability of $12,252.95 against Plaintiff for taxes, penalties, and interest due on the approximately 2,227 grams of non-tax paid marijuana. Plaintiff paid the tax liability under protest and requested a refund pursuant to section 105-267. The refund was denied and Plaintiff filed her complaint contesting the validity of the tax. In the complaint it is alleged the Drug Tax is a "criminal penalty," "its enforcement must conform to the constitutional safeguards that accompany criminal proceedings," and Plaintiff was not provided any of these constitutional safeguards. It is also alleged that "Defendants have been the most aggressive of the states in enforcing [the] tax on illegal drugs."

The single issue is whether the Drug Tax is a criminal penalty.

Plaintiff argues that because the Drug Tax is a criminal penalty, its assessment and collection must comply with all the procedural safeguards required for criminal proceedings. It follows, Plaintiff contends, the statutes' failure to provide these safeguards requires a holding that the statutes are unconstitutional. We disagree.

A tax may be " 'so punitive either in purpose or effect' as to 'transfor[m] what [may have been] intended as a civil remedy into a criminal penalty.' " *Hudson v. United States*, 522 U.S. 93, 99, 139 L. Ed. 2d 450, 459 (1997) (citations omitted). If treated as a criminal penalty, "its enforcement must conform to the constitutional safeguards that accompany criminal proceedings." *Lynn v. West*, 134 F.3d 582, 593 (4th Cir. 1998), *cert. denied*, —— U.S. ——, 142 L. Ed. 2d 36 (1998). Thus, the taxpayer would be entitled to "all of the criminal-procedure guarantees of the Fifth and Sixth Amendments." *Id.*

---

1. On 1 October 1997 the legislature substituted "Unauthorized Substances Taxes" for "Controlled Substance Tax" in the heading of Article 2D, Chapter 105.

MILLIGAN v. STATE

[135 N.C. App. 781 (1999)]

This Court has held that the Drug Tax does not contain the "punitive characteristics" necessary to transform it into a criminal penalty. *State v. Ballenger*, 123 N.C. App. 179, 184, 472 S.E.2d 572, 575 (1996), *aff'd per curiam*, 345 N.C. 626, 481 S.E.2d 84, *cert. denied*, 522 U.S. 817, 139 L. Ed. 2d 29 (1997); *see also State v. Adams*, 132 N.C. App. 819, 513 S.E.2d 588, *disc. review denied*, 350 N.C. 836, —— S.E.2d —— (1999); *State v. Creason*, 123 N.C. App. 495, 473 S.E.2d 771 (1996), *aff'd per curiam*, 346 N.C. 165, 484 S.E.2d 525 (1997).[2]

We acknowledge that our previous opinions on the Drug Tax were criminal proceedings whereas the present case is a civil proceeding. This distinction, however, is not material as the same issue is presented: whether the Drug Tax constitutes a criminal penalty. Because the Drug Tax does not constitute a criminal penalty, the Plaintiff was not entitled to the procedural safeguards required for criminal proceedings. Accordingly, the trial court correctly dismissed the complaint.[3]

Affirmed.

Judges WALKER and HUNTER concur.

---

2. We are aware the Fourth Circuit has held the North Carolina Drug Tax to constitute a criminal penalty. *Lynn*, 134 F.3d at 592. We are not, however, bound by that decision. *Adams*, 132 N.C. App. at 820, 513 S.E.2d at 589; *see also State v. McDowell*, 310 N.C. 61, 74, 310 S.E.2d 301, 310 (1984) (state courts should treat "decisions of the United States Supreme Court as binding and accord[] to decisions of lower federal courts such persuasiveness as these decisions might reasonably command").

3. Plaintiff also argues the Drug Tax is unconstitutional "as applied." The single allegation in support of this claim is that the State has been "aggressive" in enforcing the tax on illegal drugs. This cannot support a claim that the statute is unconstitutional "as applied." This claim can be supported only upon a showing that the State has enforced the statute in some discriminatory or arbitrary manner. *See generally Simeon v. Hardin*, 339 N.C. 358, 451 S.E.2d 858 (1994); *Grace Baptist Church v. City of Oxford*, 320 N.C. 439, 358 S.E.2d 372 (1987); *Kresge Co. v. Davis*, 277 N.C. 654, 178 S.E.2d 382 (1971). There are no allegations that the State has engaged in any discriminatory or arbitrary practices with Drug Tax enforcement.