STATE v. WAMBACH

[136 N.C. App. 842 (2000)]

STATE OF NORTH CAROLINA v. FREDDIE LUDWIG WAMBACH, Defendant

No. COA99-1095

(Filed 7 March 2000)

**Appeal and Error— writ of habeas corpus—effect of Fourth Circuit decision—tax on seized narcotics**

Defendant's appeal from the denial of his writ of habeas corpus petition seeking relief from an alleged double jeopardy violation as a result of a tax assessment on drugs and the subsequent conviction for possession with intent to sell and deliver those drugs is dismissed because no appeal lies from an order made in a habeas corpus proceeding instituted under Chapter 17 of the North Carolina General Statutes since the remedy, if any, is by petition for writ of certiorari, and the Court of Appeals declines to address these issues pursuant to a writ of certiorari since: (1) the constitutionality of the assessment and collection of the drug tax has been previously upheld by North Carolina appellate courts; and (2) federal appellate decisions are not binding upon either the appellate or trial courts of this State with the exception of decisions of the United States Supreme Court.

Appeal by defendant from order entered 5 April 1999 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 21 February 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Christopher E. Allen, for the State.*

*Steven A. Grossman for defendant-appellant.*

SMITH, Judge.

On 3 January 1995, the North Carolina Department of Revenue notified defendant of a controlled substance tax assessment of $3,210.67 for thirty-eight dosage units of cocaine. The Department of Revenue on 7 January 1995 garnished $1,874.50 which was in defendant's possession at the time of his arrest. Defendant was subsequently convicted on 16 August 1995 of possession with intent to sell and deliver cocaine, resisting a public officer, and determined to be an habitual felon. The trial court sentenced him to a term of 96 to 125 months' imprisonment, and defendant appealed. This Court found no error on appeal. *State v. Wambach,* 122 N.C. App. 580, 475 S.E.2d 259

(1996) (unpublished), *cert. denied,* 345 N.C. 645, 483 S.E.2d 717 (1997).

On 12 November 1998, defendant filed a *pro se* petition for writ of habeas corpus. Defendant alleged that he had been subjected to double jeopardy as a result of an improperly imposed second punishment. After hearing the matter on 1 April 1999, the trial court determined that defendant had not been placed in jeopardy twice for the same offense and denied defendant's petition. From the trial court's order, defendant appeals.

Defendant contends the trial court committed reversible error by denying his petition for writ of habeas corpus. He argues the trial court erred by not following precedent from the United States Court of Appeals for the Fourth Circuit which found North Carolina's drug tax (N.C. Gen. Stat. § 105-113.105 *et seq.* (1999)) to be a criminal penalty. *See Lynn v. West,* 134 F.3d 582 (4th Cir. 1998), *cert. denied,* 525 U.S. 813, 142 L. Ed. 2d 36 (1998). Defendant asks that his convictions, which were subsequent to his partial payment of the drug tax, be vacated.

As an initial matter, this Court notes that petitioner has no appeal of right from the trial court's order.

> In this jurisdiction the rule is firmly established that no appeal lies from an order made in a habeas corpus proceeding instituted under N.C. Gen. Stats., ch. 17 by a prisoner to inquire into the legality of his restraint. The remedy, if any, is by petition for certiorari addressed to the sound discretion of the appropriate appellate court.

*State v. Niccum,* 293 N.C. 276, 278, 238 S.E.2d 141, 143 (1977). Accordingly, defendant's appeal is dismissed.

Defendant's counsel requests that "in the event this Court deems appeal inappropriate, to consider the issues herein by way of certiorari pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure, due to their constitutional nature." However, the constitutionality of the assessment and collection of the drug tax has been previously upheld in *State v. Ballenger,* 123 N.C. App. 179, 472 S.E.2d 572 (1996), *aff'd per curiam,* 345 N.C. 626, 481 S.E.2d 84, *cert. denied,* 522 U.S. 817, 139 L. Ed. 2d 29 (1997), and *State v. Creason,* 123 N.C. App. 495, 473 S.E.2d 771 (1996), *aff'd per curiam,* 346 N.C. 165, 484 S.E.2d 525 (1997). As for the applicability of the *Lynn* decision, "with the exception of decisions of the United States Supreme Court, fed-

eral appellate decisions are not binding upon either the appellate or trial courts of this State." *State v. Adams*, 132 N.C. App. 819, 820, 513 S.E.2d 588, 589, *disc. review denied*, 350 N.C. 836, —— S.E.2d ——, *cert. denied*, —— U.S. ——, 145 L. Ed.2d 414 (1999). We therefore decline to address these issues pursuant to a writ of certiorari.

Dismissed.

Chief Judge EAGLES and Judge WALKER concur.