STATE OF NORTH CAROLINA v. WILLIAM ELBERT SMITH, Defendant

No. 9310SC29

(Filed 2 November 1993)

**1. Criminal Law § 1281 (NCI4th)— habitual felon statute— constitutionality**

　　　　Conviction under the habitual felon statute does not violate a defendant's constitutional rights to equal protection, due process of law and freedom from double jeopardy, nor does the sentence amount to cruel and unusual punishment.

　　　　**Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.**

Imposition of enhanced sentence under recidivist statute as cruel and unusual punishment. 27 ALR Fed. 110.

2. **Criminal Law § 1283 (NCI4th)— habitual felon—separate indictment**

Defendant was properly charged as an habitual felon in a separate indictment even though the charge of possession with intent to sell or deliver cocaine was contained in indictment 89 CRS 77510(A), and the habitual felon charge was contained in indictment 89 CRS 77510(B). N.C.G.S. § 14-7.3.

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.

3. **Criminal Law § 1283 (NCI4th)— habitual felon—notice of prior crimes—sufficiency of notice**

Defendant was given sufficient notice of the prior felony conviction which would be used against him to convict him as an habitual felon, though the indictment alleged the date upon which defendant was sentenced for the prior crime rather than the date upon which defendant pled guilty.

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.

Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2d 1196.

4. **Criminal Law § 1283 (NCI4th)— habitual felon—date of prior crimes or date of arrest—sufficiency of notice**

Either an arrest date or the date that prior felonies were actually committed is sufficient to give defendant notice of the specific felonies which are being alleged in an habitual felon indictment.

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.

Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2d 1196.

**5. Criminal Law § 1283 (NCI4th)— habitual felon—underlying convictions used more than once to enhance conviction—no error**

There was no merit to defendant's contention that, once certain underlying convictions are used to convict an individual as an habitual felon, those same convictions may not be used again to enhance another conviction, since being an habitual felon is a status which, once attained, is never lost.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

Appeal by defendant from judgment and commitment entered 23 September 1992 by Judge Wiley F. Bowen in Wake County Superior Court. Heard in the Court of Appeals 28 September 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General Jeffrey P. Gray, for the State.*

*John T. Hall for defendant.*

LEWIS, Judge.

Defendant was convicted of possession of cocaine with intent to sell and deliver. After the jury found defendant guilty of possession, they were then asked to determine whether or not defendant was an habitual felon. Defendant was found guilty of being an habitual felon and has appealed his convictions to this Court. The facts leading to defendant's arrest and conviction are unessential and will be discussed only to the extent that they are necessary to understand defendant's assignments of error.

[1] In his first assignment of error defendant claims that the trial court erred in denying his motion to dismiss the habitual felon indictment on the basis that it violated his constitutional rights to equal protection, due process of law and freedom from double jeopardy and that the sentence was cruel and unusual punishment. At the outset of his brief, defendant acknowledges that our Supreme Court has previously addressed these issues in *State v. Todd*, 313 N.C. 110, 326 S.E.2d 249 (1985). There the Court held that the "legislature has acted within constitutionally permissible bounds in enacting legislation designed to identify habitual criminals and to authorize enhanced punishment as provided. The procedures set forth in N.C.G.S. § 14-7.1 to -7.6 likewise comport with the defendant's federal and state constitutional guarantees." *Id.* at 118,

326 S.E.2d at 253. Defendant's assertions are virtually identical to those advanced in *Todd* and we see no need to revisit them here. We find no abuse of discretion or procedural misconduct prejudicial to defendant. Accordingly, defendant's first assignment of error is overruled.

[2] For his second assignment of error, defendant challenges the denial of his motion to dismiss arguing that the habitual felon indictment failed to comply with the statutory requirements. We do not agree. N.C.G.S. § 14-7.3 provides:

> An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony. An indictment which charges a person with being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place.

Defendant's second assignment of error actually combines several different statutory challenges and we will address each in order. Section 14-7.3 contains obvious internal inconsistencies, but case law has made it clear that an habitual felon charge shall appear in a separate indictment. This was evidenced by the Supreme Court's statement in *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977), where the Court held:

> Properly construed this act clearly contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted in a *separate bill* as being an habitual felon.

*Id.* at 433, 233 S.E.2d at 587 (emphasis added). Defendant claims that this requirement was not satisfied because the charge of possession with intent to sell or deliver cocaine was contained in indictment 89 CRS 77510(A), whereas the habitual felon charge was

contained in indictment 89 CRS 77510(B). Defendant argues that this is the same indictment and does not meet the requirement that the habitual felon charge be contained in a separate indictment. Although the habitual felon indictment was labeled 89 CRS 77510(B), the record reveals that it was contained in a separate indictment. There is no difference in the State's use of a part (B) to 89 CRS 77510 than if the indictment had received a completely different number. The use of a part (A) and (B) was merely an administrative attempt to satisfy the requirements of an obviously inconsistent statute and defendant has in no way been prejudiced.

[3] The second part of defendant's argument is that indictment 89 CRS 77510(B) is defective in that it failed to allege the date of defendant's guilty plea as required by N.C.G.S. § 14-7.3. The first paragraph of 89 CRS 77510(B) charges that defendant pled guilty to possession of heroin in 1981 and was sentenced on 7 December 1981. It is true that the allegation does not contain the date upon which defendant pled guilty, but we do not consider this a fatal defect. The purpose of an indictment has always been to give a defendant notice of the charge or charges against him and this is not changed in an habitual felon indictment. *See State v. Allen*, 292 N.C. 433, 233 S.E.2d 585 (1977). Instead of giving the date upon which defendant pled guilty, paragraph one gave the date defendant was sentenced for the same charge. We find that this was sufficient to give defendant notice of the prior felony conviction which would be used against him to convict him as an habitual felon.

[4] Defendant also claims that his motion to dismiss should have been granted because no evidence was presented as to the dates on which the prior offenses were *actually committed*. The habitual felon indictment clearly alleged the dates upon which the prior felonies occurred. However defendant contends that at trial contradictory evidence was presented suggesting that the dates which the State alleged were actually the dates when defendant was arrested and not the dates when the prior felonies were committed. We do not believe that such a strict construction is required as defendant suggests. Often it is impossible to know the actual date upon which a felony was committed. However, the arrest date is always documented and readily obtainable. We find that both are sufficient to give the defendant notice of the specific felonies which are being alleged in the habitual felon indictment. We find no merit to defendant's second assignment of error.

**[5]** In his third assignment of error, defendant claims that the habitual felon statute is unconstitutional as applied to him. In essence defendant argues that once certain underlying convictions are used to convict an individual as an habitual felon, those same convictions may not be used again to enhance another conviction. We do not agree. It has been said on many occasions that being an habitual felon is a status. *State v. Thomas*, 82 N.C. App. 682, 347 S.E.2d 494 (1986), *cert. denied*, 320 N.C. 637, 360 S.E.2d 102 (1987). As quoted previously, the Supreme Court described the habitual felon process in *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977), by stating once an individual "who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted in a separate bill as being an habitual felon." This implies that being an habitual felon is a status, that once attained is never lost. If the legislature had wanted to require the State to show proof of three new underlying felonies before a new habitual felon indictment could issue, then the legislature could have easily stated such. We will not rewrite the statute.

Although defendant's assignment of error is one of first impression, our decision is buttressed by comparison to other examples where prior convictions have been used to enhance sentences. In *State v. Roper*, 328 N.C. 337, 402 S.E.2d 600, *cert. denied*, 112 S.Ct. 280, 116 L. Ed. 2d 232 (1991), the trial court used the same prior convictions to establish defendant's status as an habitual felon and to aggravate his underlying offense of kidnapping. Given that our Supreme Court held that this was proper, we find no merit to defendant's assignment of error.

In his fourth assignment of error defendant claims that the trial court erred in overruling his objections regarding the admissibility of evidence relating to undercover drug operations and the street value of cocaine. We have considered defendant's arguments and find that we need not address them further. N.C.G.S. § 15A-1443(a) provides that a defendant is prejudiced by errors relating to rights other than under the Constitution when there is a reasonable possibility that had the error not been committed the jury would have reached a different result. The burden of proving this is on the defendant. After reviewing the record we find that the evidentiary issues to which defendant objected were minor and did not affect his convictions. We find no merit to defendant's last assignment of error.

Defendant received a fair trial free from prejudicial error.

No error.

Judges WELLS and MARTIN concur.