**STATE v. KIRKPATRICK**

[123 N.C. App. 86 (1996)]

Affirmed.

Judges JOHN and McGEE concur.

━━━━━━━━━

STATE OF NORTH CAROLINA v. COYE HAVEN KIRKPATRICK

No. COA94-1322

(Filed 2 July 1996)

**1. Evidence and Witnesses § 785 (NCI4th)— testimony excluded—similar evidence admitted—exclusion as harmless error**

Even if the trial court erred by excluding defendant's testimony regarding statements made by a fellow employee to defendant which would negate defendant's knowledge that the endorsement on a check which he tried to cash was forged, defendant failed to show that he was prejudiced by such exclusion since he was allowed to present substantially the same evidence as that excluded by the trial court, and any error was harmless.

**Am Jur 2d, Appellate Review § 759.**

**2. Criminal Law § 1110 (NCI4th)— habitual felony adjudication as aggravating factor—no error**

Because the trial court could have considered as aggravating factors three felony convictions which supported defendant's 1987 habitual felony adjudication, there was no error in considering the habitual felony adjudication as a nonstatutory aggravating factor for defendant's present sentence as long as the underlying felonies were not also considered as aggravating factors.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders § 15.**

**Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.**

Judge WYNN dissenting.

Appeal by defendant from judgment entered 21 April 1994 in Alamance County Superior Court by Judge J.B. Allen, Jr. Heard in

the Court of Appeals 12 September 1995. Remanded to the Court of Appeals from the North Carolina Supreme Court to address defendant-appellant's assignments of error on 10 May 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General J. Mark Payne, for the State.*

*Robert H. Hood III for defendant-appellant.*

GREENE, Judge.

Coye Haven Kirkpatrick (defendant) appeals from a judgment and commitment, entered after a jury verdict, sentencing him to forty-six years in prison for uttering an instrument bearing a forged endorsement, a Class I felony, in violation of N.C. Gen. Stat. § 14-120, enhanced by the finding that defendant is an habitual felon, pursuant to N.C. Gen. Stat. § 14-7.1.

The record reveals that defendant worked at a restaurant in Burlington, N.C. during the year of 1993. In the fall of 1993, Sherri Mann (Mann) worked at the restaurant for approximately three weeks. After leaving her employment there, Mann did not receive her last pay check in the amount of $24.05. On 7 November 1993, defendant was arrested after he attempted to have a convenience store clerk cash Mann's check, in the amount of $24.05.

At trial defendant testified that he obtained the check from Gloria Foster (Foster), an assistant manager at the restaurant where defendant works, with whom defendant testified he had a "romantic relationship." Defendant further testified that two other managers advanced him money on one occasion each and that Foster advanced money to defendant "probably over ten times." Defendant knew that the employees' paychecks were kept in a safe at the restaurant, and that only three people, including the two managers Michael Fields and Foster, had keys to the room which contained the safe. Although defendant worked in close proximity to this room, it was locked at all times and "somebody would have seen" him if he tried to enter the room. Defendant stated also that although Foster gave him some preferential treatment, "[s]he didn't give [him] access to nobody else's check." On 7 November 1993, defendant asked for an advance and Foster gave him Mann's check, which defendant stated was endorsed when he received it from Foster. Defendant further testified that he did not forge the endorsement himself, nor did he know that the endorsement was forged. When discussing his receipt of the check

from Foster, defendant wanted to testify regarding Foster's statement to defendant when she gave him the check. On voir dire, outside of the jury's presence, defendant testified that Foster told him to "get it cashed and they'll reimburse it" and that it was his understanding that "Sherri Mann signed the check and they paid her in cash." Defendant then testified before the jury that on occasion the restaurant had cashed defendant's checks, thus indicating that the restaurant may have cashed Mann's check.

After the jury returned its guilty verdict on the charge of uttering an instrument bearing a forged endorsement, the trial court conducted a separate proceeding on the charge of habitual felon. The jury, based upon evidence that defendant pled guilty to felony larceny in 1984, felony larceny in 1982 and breaking and entering and larceny in 1972, determined that defendant met the habitual felon requirements, pursuant to N.C. Gen. Stat. § 14-7.1, thus elevating defendant's sentence to that of a Class C felon. The record also shows that defendant was previously adjudicated as an habitual felon in 1987, after his conviction for possession of stolen property. The 1987 adjudication was based on the same three guilty pleas as the 1993 habitual felon adjudication. Not included in either determination of defendant's status as an habitual felon is defendant's guilty plea to a 1976 breaking and entering a motor vehicle and larceny from an auto, a 1977 guilty plea of breaking and entering, and his 1986 guilty plea of possession of stolen property. After the jury's determination in the 1993 habitual felon proceeding, the trial court found two aggravating factors; that defendant "has prior convictions for criminal offenses punishable by more than 60 days confinement" and that "the defendant has previously been adjudicated as an habitual offender on April 27, 1987." The prior convictions used by the trial court are the 1976, 1977 and 1986 guilty pleas which did not serve as a basis for either habitual felon adjudication. The court then found three mitigating factors; "defendant exercised caution to avoid serious bodily harm or fear to other persons" and that defendant cooperated with police when he was stopped on 7 November 1993, and that "[d]efendant was a good employee and hard worker." The trial court then determined that the aggravating factors outweigh the mitigating factors and entered a sentence for forty-six years, which is greater than the presumptive term of fifteen years for a Class C felon.

The issues are whether (I) defendant was prejudiced by the trial court's exclusion of testimony regarding Foster's statement to defendant when he received the check; and (II) the trial court erred

in its finding that the adjudication of defendant as an habitual felon in 1987 is a factor in aggravation of his sentence.

I

[1] Defendant argues that the trial court erred by excluding his testimony regarding statements made by Foster to defendant, which would negate defendant's knowledge that the endorsement was forged. Even assuming, however, that this exclusion was erroneous, defendant has failed to show that he was prejudiced. N.C.G.S. § 15A-1443(a) (1988). In fact defendant was allowed to advance his theory that he did not possess the requisite knowledge for the crime by defendant's testimony that he did not put the endorsement on the check, that the check was endorsed when he received it from Foster and that he did not know that the endorsement was false. Furthermore, defendant was allowed the opportunity to advance his theory of how Foster could have had the endorsed check without Mann's endorsement being forged. Accordingly, defendant was allowed to present substantially the same evidence as that excluded by the trial court and any error was harmless. *See State v. Hageman*, 307 N.C. 1, 23-24, 296 S.E.2d 433, 446 (1982) (no prejudice from erroneous exclusion where same or substantially same testimony is admitted).

II

[2] The defendant argues that the trial court erred in its consideration of defendant's 1987 adjudication as an habitual felon as a nonstatutory aggravating factor. We disagree.

In this case the 1987 habitual felony adjudication represents three separate felony convictions. Because the trial court could have considered, as aggravating factors, these three felony convictions, *State v. Roper*, 328 N.C. 337, 363, 402 S.E.2d 600, 615, *cert. denied*, 502 U.S. 902, 116 L. Ed. 2d 232 (1991), it follows that there is no error in considering the habitual felony adjudication as an aggravating factor, as long as the underlying felonies are not also considered as aggravating factors. This record does not reveal that the trial court considered, as aggravating factors, both the 1987 habitual felony adjudication and the felonies on which that adjudication was based. Therefore, the use of the 1987 habitual felony adjudication to aggravate the sentence and the use of the 1993 habitual felony adjudication to enhance the sentence was not error. *Id.*; N.C.G.S. § 14-7.6 (1993) (habitual felony adjudication enhances sentence).

No error.

Judge SMITH concurs.

Judges WYNN dissents.

Judge WYNN dissenting.

The majority acknowledges that the same three convictions used to establish defendant's status as a habitual felon in 1987 were used to establish defendant's status as a habitual felon in the case at hand.[1] Since the supporting three convictions are the same, the 1993 habitual felon status in this case is *identical* to the 1987 habitual felon status. Thus, by using the 1987 habitual felon status to also aggravate the present sentence, the majority, in effect holds that the 1993 habitual felony status may be used to both enhance and aggravate its underlying felony. That is a patently·unfair result; accordingly, I dissent.

Moreover, while in *Roper* our Supreme Court sanctioned the double use of *prior convictions* to both establish the status of habitual felon and aggravate the sentence, it did not provide for the use of the defendant's status as a habitual felon to be used for both enhancement and aggravation.

I further disagree with the State's use of the same prior convictions, some five years later, in support of a subsequent indictment to obtain the same "status" of being a habitual felon. In essence, the three underlying convictions that are used to establish the defendant's status as a habitual felon in 1987 are used again in 1993 to establish the same status. Indeed, this Court has stated that "[t]his implies that being an habitual felon is a status, that once attained is never lost." *State v. Smith*, 112 N.C. App. 512, 517, 436 S.E.2d 160, 162 (1993). Thus, once an individual is marked as a habitual felon, she is branded for life. The logical extension of this result would be to require such individuals to wear a "scarlet letter" for life, with no means of removing it.

---

1. In the factual section of this opinion, the majority states: "The 1987 adjudication was based on the same three guilty pleas as the 1993 habitual felon adjudication."