STATE OF NORTH CAROLINA v. ERNEST LAMONT INMAN

No. COA05-150

(Filed 15 November 2005)

1. **Firearms and Other Weapons— possession of firearm by convicted felon—failure of indictment to allege date of prior felony conviction**

    The trial court did not lack jurisdiction to try defendant for the charge of possession of a firearm by a convicted felon even though the indictment charging defendant with this offense failed to allege the date of the prior felony conviction, because: (1) the

STATE v. INMAN

[174 N.C. App. 567 (2005)]

provision of N.C.G.S. § 14-415.1(c) that requires the indictment to state the conviction date for the prior offense is merely directory; and (2) the omission was not material and does not affect a substantial right, and this conclusion is especially appropriate in this case when defendant stipulated to the prior conviction at trial and challenged only whether he was in possession of a firearm.

**2. Criminal Law— instruction—constructive possession**

The trial court did not commit plain error in a possession of a firearm by a convicted felon case by its instruction concerning constructive possession, because: (1) a defendant's control over an area may be such that the jury may infer a defendant's constructive possession of contraband from his control of the premises; and (2) the trial court properly instructed the jury that it could infer defendant's constructive possession of the handgun based on his control over the area in which it was found which was between his leg and the inner console of the vehicle he was driving.

Appeal by defendant from judgment entered 27 May 2004 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 13 October 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gayl M. Manthei, for the State.*

*Kevin P. Bradley for defendant appellant.*

McCULLOUGH, Judge.

Defendant (Ernest Lamont Inman) appeals from conviction and judgment for possession of a firearm by a convicted felon. We hold that he received a fair trial, free from prejudicial error.

Facts

On 9 July 2003, two Greensboro police officers initiated pursuit of a silver Honda Civic upon observing it traveling in the wrong lane and ignoring a stop sign. The Civic turned into a private driveway, accelerated, and made a left turn behind a house. Once the vehicle stopped, the passenger immediately exited and absconded. Defendant, who was the driver of the Civic, remained.

Upon approaching the vehicle and peering through the driver's side window, one of the officers noticed a large black handgun tucked

between defendant's right leg and the center console. According to the officer, the gun was "right up against [defendant's] right leg." Defendant later told the police, "my fingerprints are probably on the gun, but it's not mine." No fingerprints were found on the gun.

The officer also found a green substance in the driver's side door, which defendant identified as "hash" belonging to him; however, testing revealed that this substance did not contain a controlled substance. Five bags containing a total of 13.8 grams of marijuana were seized from the passenger's side door of the vehicle.

Defendant was indicted for possession with intent to sell and deliver marijuana and possession of a firearm by a felon. A Guilford County jury acquitted defendant of the drug charge and convicted him of the firearms charge. For this conviction, the trial court imposed a sentence of 96 to 125 months' imprisonment. Defendant now appeals.

I.

[1] In his first argument on appeal, defendant contends that the trial court lacked jurisdiction to try him for possession of a firearm by a convicted felon because the instrument charging him with this offense failed to allege the date of the prior felony conviction. We disagree.

Section 14-415.1(a) of the North Carolina General Statutes makes it "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm." N.C. Gen. Stat. § 14-415.1(a) (2003). Subsection (c) of the same statute provides that

> [a]n indictment which charges [this offense] must set forth the date that the prior offense was committed, the type of offense and the penalty therefor, and the date that the defendant was convicted or plead guilty to such offense, the identity of the court in which the conviction or plea of guilty took place and the verdict and judgment rendered therein.

N.C. Gen. Stat. § 14-415.1(c) (2003).

Even where a statute requires a particular allegation, the omission of such an allegation from an indictment is not necessarily fatal to jurisdiction:

"In determining the mandatory or directory nature of a statute, the importance of the provision involved may be taken into consideration. Generally speaking, those provisions which are a mere matter of form, or which are not material, do not affect any substantial right, and do not relate to the essence of the thing to be done so that compliance is a matter of convenience rather than substance, are considered to be directory." . . . While, ordinarily, the word "must" and the word "shall," in a statute, are deemed to indicate a legislative intent to make the provision of the statute mandatory, and a failure to observe it fatal to the validity of the purported action, it is not necessarily so and the legislative intent is to be derived from a consideration of the entire statute.

*State v. House*, 295 N.C. 189, 203, 244 S.E.2d 654, 661-62 (1978) (citations omitted). For example, this Court has held that "the provision of [section] 14-415.1(c) that requires the indictment to state the penalty for the prior offense is not material and does not affect a substantial right" because a defendant "is no less apprised of the conduct which is the subject of the accusation than he would have been if the penalty for the prior conviction had been included in the indictment." *State v. Boston*, 165 N.C. App. 214, 218, 598 S.E.2d 163, 166 (2004).

The issue in the instant case is whether the provision of section 14-415.1(c) that requires the indictment to state the conviction date for the prior offense is mandatory or directory. Changes to the legislation proscribing firearm possession by convicted felons reveals that, as the statute is now written, the provision is merely directory.

When the legislature first outlawed possession of a firearm by a convicted felon, the prohibition applied only to persons who had been convicted of a crime punishable by more than two years' imprisonment and had not had their civil rights restored. 1971 N.C. Sess. Laws ch. 954, §§ 1, 2. Four years later, the General Assembly changed the law to preclude possession of firearms by persons convicted of certain enumerated crimes for either five years after the date of their conviction or the completion of their sentence, whichever was later. 1975 N.C. Sess. Laws ch. 870, § 1. Finally, in 1995, the legislature changed the law to prohibit possession of a firearm by any person having been convicted of any felony without regard to the date of the prior conviction or the time of completion of the sentence imposed therefor. 1995 N.C. Sess. Laws ch. 487, § 3. Under this version of the statute, the date of a defendant's prior conviction is immaterial so

long as defendant is sufficiently apprised of the conduct for which he is being indicted. *See State v. Sturdivant*, 304 N.C. 293, 311, 283 S.E.2d 719, 731 (1981) ("[I]t is not the function of an indictment to bind the hands of the State with technical rules of pleading; rather, its purposes are to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime.").

In the instant case, the challenged indictment alleged that

on or about [9 July 2003] and in the county [of Guilford] the defendant . . . unlawfully, willfully and feloniously did have in his custody, care and control a Stallard Arms, 9 mm pistol, a handgun, after being previously . . . convicted of the felony of Breaking and Entering a Motor Vehicle, in Guilford County Superior Court. This offense occurred on December 15, 2001 and the defendant was sentenced to 6-8 months['] imprisonment, which was suspended for 36 months. This prior offense was a Class I felony, punishable by a maximum of 15 months in the Department of Corrections.

The only item excluded from the indictment is the date of defendant's previous conviction for breaking and entering a motor vehicle. We hold that this omission is not material and does not affect a substantial right. This conclusion is especially appropriate where, as here, defendant stipulated to the prior conviction at trial and challenged only whether he was in possession of a firearm. *See State v. English*, 171 N.C. 277, 285, 614 S.E.2d 405, 411 (2005) (Steelman, J., concurring) (admonishing appellate counsel for attempting to circumvent a stipulation entered into at trial without arguing that the stipulation was invalid or was the product of ineffective assistance of counsel).

This assignment of error is overruled.

## II.

[2] In his second argument on appeal, defendant contends that the trial court's instruction concerning constructive possession amounted to plain error. This contention lacks merit.

In the instant case, the trial court initially instructed the jury as follows:

Now possession of an article may be either actual or constructive. A person has actual possession of an article if he has it

**STATE v. INMAN**

[174 N.C. App. 567 (2005)]

on his person, is aware of its presence and either by himself or together with others has both the power and intent to control its disposition and use.

A person has constructive possession of an article if he does not have it on his person but is aware of its presence and has, either by himself or together with others, both the power and intent to control its disposition and use.

A person's awareness of the presence of the article and his power and intent to control its disposition and use may be shown by direct evidence, or may be inferred from the circumstances.

If you find beyond a reasonable doubt that the article—in this particular case I'm referring to the handgun which was shown to you. If it was found in close proximity to the defendant, that would be a circumstance from which together with other circumstances you may infer that the defendant was aware of the presence of the article, that being the handgun, and had the power and intent to control its disposition and use.

However, the defendant's physical proximity, if any, to the handgun does not by itself permit an inference that the defendant was aware of its presence or had the power or intent to control its disposition and use. Such an inference may be drawn only from this and other circumstances from which you find from the evidence beyond a reasonable doubt.

If you find beyond a reasonable doubt that the article was found in a certain place and that the defendant exercised control over that place, such as a house, a car. In this particular situation the evidence shows the handgun was found in a car and the defendant was driving that particular car. Whether or not the defendant owned the vehicle or the car, this would be a circumstance from which you may infer that the defendant was aware of the presence of the handgun and had the power and intent to control its disposition and use.

During its deliberations, the jury sent a letter to the judge which stated, "We need definition of the law 'constructive possession.' Clarification on what that means." Thereafter, the judge re-instructed the jury as follows:

If you find beyond a reasonable doubt that the handgun was found in close proximity to the defendant, that would be a cir-

cumstance from which together with other circumstances you may infer that the defendant was aware of the presence of the handgun, and had the power and intent to control its disposition or use. However, the defendant's proximity, if any, to the handgun does not by itself permit an inference that the defendant was aware of its presence or had the power or intent to control its disposition or use. Such an inference may be drawn only from this and other circumstances which you find from the evidence beyond a reasonable doubt.

If you find beyond a reasonable doubt that the handgun was found on or in a place—in this particular incident it's alleged the handgun was found in the car that the defendant was operating and the handgun was in between his leg and the inner console. Correct me if I'm wrong as to where the gun was located. That's what's been alleged in this case. So, if you find beyond a reasonable doubt that the handgun was found on a place or in a place that the defendant exercised control over, that place whether or not he owned it, this would be a circumstance from which you may infer that the defendant was aware of the presence of the handgun and had the power and intent to control its disposition or use.

The record is bereft of any defense objection to the trial court's jury instructions.

As defendant failed to object to the alleged instructional error at trial, this Court's review is limited to whether the trial court's instructions amounted to plain error. *See* N.C. R. App. P. 10. "In deciding whether a defect in the jury instruction constitutes 'plain error,' [an] appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983). In the absence of such impact, relief is unavailable to a defendant who has not objected. *Id.*

In cases involving non-exclusive possession of an area from which contraband is seized, the trial court's instructions should reflect that "constructive possession of the contraband materials may not be inferred without other incriminating circumstances." *State v. Brown*, 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984). However, a defendant's control over an area may be such that "the jury . . . may infer a defendant's constructive possession of contraband from his control of the premises." *State v. Peek*, 89 N.C. App.

**BELLSOUTH CAROLINAS PCS, L.P. v. HENDERSON CTY. BD. OF ADJUST.**

[174 N.C. App. 574 (2005)]

123, 126-27, 365 S.E.2d 320, 323 (1988). Jury instructions concerning whether a defendant's control over an area permits a finding of constructive possession must "clearly leave[] it to the jury to decide whether to make the inference." *Id.*

In the instant case, the trial court instructed the jury that it **could** infer defendant's constructive possession of the handgun based on his control over the area in which it was found: between his leg and the inner console of the vehicle he was driving. We discern no error, and certainly no plain error, in this charge.

This assignment of error is overruled.

No error.

Judges ELMORE and LEVINSON concur.