STATE OF NORTH CAROLINA
v.
ADDARYLL NESHAWN VAUGHAN, Defendant.
No. COA07-677
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.
Brannon Strickland, PLLC, by Anthony M. Brannon, for defendant-appellant.
GEER, Judge.
Defendant Addaryll Neshawn Vaughan appeals from his convictions of possession of a firearm by a felon, assault with a deadly weapon inflicting serious injury, and being a habitual felon. On appeal, defendant argues only that his right to not be subjected to double jeopardy has been violated because the State obtained two habitual felon indictments that both relied upon the same three underlying substantive felonies. This argument mistakes the nature of habitual felon status and has already been rejected by this Court. We, therefore, hold that defendant received a trial free of prejudicial error.

Facts
The State's evidence tended to show the following facts. On 31 May 2005, Ammauel Harrison drove to a friend's house for a visit. As he got out of his truck, three other vehicles pulled in behind him, and five men, including defendant, got out and confronted Harrison. The men surrounded Harrison and accused him of raping one of the women in the house. The men then beat Harrison, with one man hitting him with a pipe and defendant hitting him with a handgun. A woman came out of the house and shouted to the men that Harrison was the wrong man.
After defendant and the other men stopped beating Harrison, he drove away, and his sister called the Sheriff's Department. A detective met with Harrison and observed that he was bleeding, his face and eyes were swollen, he had a knot on the back of his head, and two of his front teeth were loose. When he went to the hospital, it was determined that his injuries included lacerations on both eyes and a cracked facial bone. Harrison also lost some of his teeth.
On 5 December 2005, defendant was indicted for possession of a firearm by a felon and assault with a deadly weapon inflicting serious injury. The State later obtained two habitual felon indictments, each alleging that defendant had previously been convicted of (1) possession of a schedule II controlled substance, (2) attempted assault with a deadly weapon with intent to kill, and (3) possession of cocaine. On 3 January 2007, defendant was convicted of assault with a deadly weapon inflicting serious injury, possession of a firearm by a felon, and two counts of being a habitual felon. The trial court sentenced defendant as a habitual felon to two consecutive prison terms of 125 to 159 months. Defendant timely appealed to this Court.

Discussion
Defendant argues that he was subjected to double jeopardy because the habitual felon indictments each relied on precisely the same three prior felony convictions to establish his habitual felon status. This contention has already been rejected by this Court. See State v. Creason, 123 N.C. App. 495, 501, 473 S.E.2d 771, 774 (1996) (holding that "the three underlying convictions used to establish defendant's habitual felon status in another substantive conviction could be used in this case to establish defendant's status as a habitual felon" without offending double jeopardy principles), aff'd per curiam, 346 N.C. 165, 484 S.E.2d 525 (1997); State v. Smith, 112 N.C. App. 512, 517, 436 S.E.2d 160, 162 (1993) ("[D]efendant argues that once certain underlying convictions are used to convict an individual as an habitual felon, those same convictions may not be used again to enhance another conviction. We do not agree."). As this Court observed in Smith, "being an habitual felon is a status, that once attained is never lost." Id.
Defendant argues, however, that those cases did not involve two habitual felon indictments obtained in the same case. This distinction is immaterial. The State was not required to obtain a habitual felon indictment to correspond to each charged substantive offense. A single indictment would have sufficed to establish defendant's habitual felon status for both of his substantive crimes. State v. Patton, 342 N.C. 633, 636, 466 S.E.2d 708, 710 (1996) ("[A] separate habitual felon indictment is not required for each predicate substantive felony indictment."); State v. Taylor, 156 N.C. App. 172, 174, 576 S.E.2d 114, 116 (2003) ("[W]hile the State may choose to use multiple habitual felon indictments, our Supreme Court only requires the use of a single indictment for all substantive felonies."). Once the jury determined that defendant was a habitual felon, that single verdict was sufficient to require that defendant be sentenced as a habitual felon for both the assault and the possession of a firearm convictions.
Although defendant acknowledges that we are bound by prior decisions of this Court on the same question of law, In re Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), defendant asks that we reconsider those holdings in light of the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004). As this Court has previously noted, however, "Apprendi and Blakely applied the Sixth Amendment right to a jury trial to sentence enhancements. Defendant's argument, however, is directed at the Fifth Amendment prohibition against double jeopardy, and accordingly, Apprendi and Blakely are inapposite." State v. Massey, 179 N.C. App. 803, 808, 635 S.E.2d 528, 531 (2006), disc. review denied, 361 N.C. 224, 643 S.E.2d 15 (2007).
No error. Judges TYSON and STEPHENS concur.
Report per Rule 30(e).