STATE OF NORTH CAROLINA
v.
KEYVON DIATES GAYLES
No. COA08-1151
Court of Appeals of North Carolina.
Filed May 5, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Tawanda Foster-Williams, for the State.
Sofie W. Hosford for defendant-appellant.
JACKSON, Judge.
Keyvon Diates Gayles ("defendant") appeals his criminal convictions for felony possession of cocaine, sale of cocaine, and having attained habitual felon status. For the following reasons, we hold no error.
On 11 October 2006, Detective Karen R. Hasbargen ("Detective Hasbargen"), of the Jacksonville Police Department, took part in a controlled drug buy using a paid confidential informant. When the informant could not find the intended target of the investigation, he arranged to meet another potential cocaine dealer through a man he knew as "Bubba." The informant drove to a motel in his van with Bubba. Bubba got out of the van, and returned a short time later with defendant. The informant told defendant that he wanted to buy "a 50, $50 piece," which meant $50.00 worth of crack cocaine. Defendant replied, "I've got plenty of it," and the informant gave him $50.00. Defendant handed two rocks of crack cocaine to Bubba, who in turn handed the informant one of the rocks. The informant put the rock in an empty cigarette pack and placed it in his pocket. Defendant got out of the van, and the informant and Bubba drove away. After dropping Bubba off where they had met, the informant met with police and gave Detective Hansbargen the crack cocaine. Officers searched the informant as well as his van, before and after the transaction, and found no other contraband.
Detective Hansbargen and Detective John Ervin ("Detective Ervin") watched the motel parking lot where the drug buy occurred from another parking lot across the street. They both saw defendant approach the van and get in, then get out a few minutes later.
On 13 November 2007, the Onslow County grand jury returned a four-count indictment against defendant for (1) sale of cocaine, (2) delivery of cocaine, (3) possession with intent to manufacture, sell, and deliver cocaine, and (4) manufacture of cocaine. The grand jury also returned an indictment against defendant for having attained habitual felon status. The two indictments shared the file number "06 CRS 60008."
On 15 May 2008, a jury found defendant guilty of (1) sale of cocaine and (2) possession of cocaine (a lesser included offense of possession with intent to manufacture, sell, and deliver), but notguilty of (3) delivery of cocaine or (4) manufacture of cocaine. Defendant pled guilty to having attained habitual felon status. The trial court determined that defendant had a prior record level of IV, and imposed two consecutive presumptive terms of 133 to 169 months in prison. Defendant appeals.
Defendant first argues that the trial court erroneously admitted corroborative testimony and then failed to provide a limiting instruction. We disagree.
We note that no assignment of error appears in the record on appeal challenging the trial court's admission of corroborative testimony or the order in which the evidence was presented. Further, the only assignment of error defendant brings forward in his brief relating to this argument deals solely with the trial court's failure to give a limiting instruction after permitting the testimony. Pursuant to the North Carolina Rules of Appellate Procedure, "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal[.]" N.C. R. App. P. 10(a) (2007). "Assignments of error not set out in the appellant's brief . . . will be taken as abandoned." N.C. R. App. P. 28(b)(6) (2007). Because defendant has failed to assign error to the admission of corroborative evidence or the order in which the evidence was presented, our review is limited to the issue of whether the trial court erred in failing to give a limiting instruction.
Defendant acknowledges that because he failed to request a limiting instruction, we must review the trial court's failure togive such an instruction for plain error. Plain error is "`fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.'" State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir.), cert. denied, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)) (emphasis in original).
Here, in light of the evidence of defendant's guilt, the trial court's failure to instruct the jury concerning the corroborative purpose of Detective Hansbargen's testimony does not rise to the level of plain error. Detectives Hansbargen and Ervin arranged the controlled buy with a reliable, confidential informant, and both observed defendant get into the van with the informant and Bubba in the motel parking lot and remain there for several minutes. Testing confirmed that the substance defendant sold to the informant was, in fact, cocaine base. The State's evidence, even without Detective Hansbargen's corroborative testimony, firmly established defendant's identity and his participation in the controlled buy. Accordingly, we hold that any error in failing to give a limiting instruction as to the proper purpose of Detective Hansbargen's corroborative testimony was harmless.
Defendant next argues that the trial court erred in entering judgment against him for attaining habitual felon status because the habitual felon indictment shared the same file number as the indictment for the substantive offenses. We disagree.
Pursuant to North Carolina General Statutes, section 14-7.3, "[t]he indictment charging the defendant as an habitual felon shallbe separate from the indictment charging him with the principal felony." N.C. Gen. Stat. § 14-7.3 (2005). "'Properly construed this act clearly contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted in a separate bill as being an habitual felon.'" State v. Young, 120 N.C. App. 456, 460, 462 S.E.2d 683, 686 (1995) (quoting State v. Allen, 292 N.C. 431, 433, 233 S.E.2d 585, 587 (1977)) (emphasis in original).
We previously have addressed defendant's argument in State v. Smith, 112 N.C. App. 512, 436 S.E.2d 160 (1993). In Smith, the defendant was indicted for possession with intent to sell or deliver cocaine and as an habitual felon in indictments distinguished only as "89 CRS 77510(A)" and "89 CRS 77510(B)." Id. at 515-16, 436 S.E.2d at 161-62. We held that the defendant was not prejudiced and the State effectively complied with section 14-7.3 by obtaining separate indictments for the defendant's substantive offenses and habitual felon status, notwithstanding their shared file number. Id. at 516, 436 S.E.2d at 162.
Similarly, in this case, defendant's habitual felon and substantive offense indictments share a file number, but the record reveals that there are distinct indictments for the substantive offenses and for defendant's habitual felon status. Accordingly, as in Smith, we find that the separate indictments satisfy the requirements of section 14-7.3.
No error. Judges Robert C. HUNTER and STEELMAN concur.
Reported per Rule 30(e).