HUNTER, JR., Robert N., Judge.
Jimmy Lee Forte, Jr. ("Defendant") appeals from judgments entered upon jury verdicts finding him guilty of seven counts of larceny of a firearm, two counts of breaking and entering, two counts of larceny after breaking and entering, and one count each of breaking and entering a motor vehicle, misdemeanor larceny, and possession of firearm by a felon. The jury also found Defendant attained habitual felon status.
On original appeal, Defendant contended the trial court erred by (1) allowing Defendant to represent himself because he forfeited his right to counsel; (2) entering judgment for eight counts of felony larceny where all of the property was stolen in a single transaction; and (3) failing to dismiss the misdemeanor larceny charge where the evidence at trial failed to comport with the indictment. Defendant also contended the trial court lacked jurisdiction to sentence him as a habitual felon because the indictment was fatally defective. The State conceded the trial court erred in entering judgment for eight counts of felony larceny when the property was all stolen in a single transaction.
By opinion issued 3 July 2018, this Court, inter alia , vacated seven of the eight counts of felony larceny and remanded for sentencing on one count of felony larceny. We also concluded, relying on State v. Langley , --- N.C. App. ----, 803 S.E.2d 166 (2018) ("Langley I "), the habitual felon indictment was fatally defective and therefore vacated Defendant's habitual felon status. We otherwise found no error.
In an order entered 11 December 2018, the North Carolina Supreme Court allowed the State's petition for discretionary review and remanded the matter to this Court for reconsideration in light of its decision in State v. Langley , 371 N.C. 389, 817 S.E.2d 191 (2018) ("Langley II "), which reversed this Court's decision in Langley I , --- N.C. App. ----, 803 S.E.2d 166. The order also instructed this Court on remand to consider any aspect of Defendant's challenge to the habitual felon indictment that was not reached in our initial consideration of Defendant's appeal. We remand for resentencing based on our earlier opinion in this case and otherwise find no error.
I. Factual and Procedural History
A complete summary of the underlying facts can be found in our prior opinion, State v. Forte , --- N.C. App. ----, 817 S.E.2d 764 (2018).
II. Standard of Review
This Court "review[s] the issue of insufficiency of an indictment under a de novo standard of review." State v. Marshall , 188 N.C. App. 744, 748, 656 S.E.2d 709, 712 (2008).
III. Analysis
Defendant argues the habitual felon indictment is fatally defective in two ways: (1) the indictment stated Defendant "was charged with one offense and convicted of a different offense"; and (2) the indictment did not allege the date on which Defendant committed the felonies. Because the habitual felon indictment was facially defective, Defendant argues, the trial court lacked jurisdiction to sentence Defendant as a habitual felon.
"Jurisdiction to try an accused for a felony depends upon a valid bill of indictment guaranteed by Article 1, Section 22 of the North Carolina Constitution." State v. Snyder, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (citation omitted). N.C. Gen. Stat. § 14-7.1 (2017) provides "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal or state court in the United States or combination thereof is declared to be a habitual felon ...." N.C. Gen. Stat. § 14-7.1. The indictment charging Defendant as a habitual felon must set forth the following:
[T]he date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place.
N.C. Gen. Stat. § 14-7.3.
Even though " 'a statute requires a particular allegation, the omission of such an allegation from an indictment is not necessarily fatal to jurisdiction[.]' " State v. Taylor , 203 N.C. App. 448, 453, 691 S.E.2d 755, 761 (2010) (alteration in original), cert. dismissed , 366 N.C. 408, 736 S.E.2d 180 (2012) (quoting State v. Inman , 174 N.C. App. 567, 569, 621 S.E.2d 306, 308 (2005) ). Thus:
[w]hile, ordinarily, the word "must" and the word "shall," in a statute, are deemed to indicate a legislative intent to make the provision of the statute mandatory, and a failure to observe it fatal to the validity of the purported action, it is not necessarily so and the legislative intent is to be derived from a consideration of the entire statute.
Id. at 454, 691 S.E.2d at 761 (quoting State v. House , 295 N.C. 189, 203, 244 S.E.2d 654, 661-62 (1978) ).
The purpose of an habitual felon indictment is to provide a defendant "with sufficient notice that he is being tried as a recidivist to enable him to prepare an adequate defense to that charge," and not to provide the defendant with an opportunity to defend himself against the underlying felonies .... [A]n indictment for habitual felon is sufficient if it provides a defendant with notice of his prior felony convictions.
State v. Briggs, 137 N.C. App. 125, 130-31, 526 S.E.2d 678, 681-82 (2000) (quoting State v. Cheek , 339 N.C. 725, 729, 453 S.E.2d 862, 864 (1995) ). "Notification is sufficient if the illegal act or omission alleged in the indictment is 'clearly set forth so that a person of common understanding may know what is intended.' " State v. Haddock , 191 N.C. App. 474, 477, 664 S.E.2d 339, 342 (2008) (quoting State v. Coker , 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984) ). The essential question in the habitual felon indictment is the fact that another felony was committed. State v. Locklear , 117 N.C. App. 255, 260, 450 S.E.2d 516, 519 (1994).
The indictment charging Defendant for attaining the status of being a habitual felon states:
[T]hat on or about September 15, 1998, Jimmy Lee Forte, Jr. was charged with the felony of Robbery With Dangerous Weapon in violation of G.S. 14-87, and that on or about July 19, 2000, Jimmy Lee Forte, Jr. was convicted of the felony of Common Law Robbery in the Superior Court of Wilson County, North Carolina;
and that on or about July 27, 2003, Jimmy Lee Forte, Jr., was charged with the felony of Breaking and Entering in violation of G.S 14-54, and that on or about March 8, 2004, Jimmy Lee Forte, Jr. was convicted of the felony of Breaking and Entering in the Superior Court of Wilson County, North Carolina;
and that on or about December 27, 2011, Jimmy Lee Forte, Jr. was charged with the felony of Obtain Property False Pretense in violation of G.S 14-100, and that on or about July 19, 2012, Jimmy Lee Forte, Jr. was convicted of the felony of Obtain Property False Pretense in the Superior Court of Wilson County, North Carolina.
In his original appeal, Defendant argued the habitual felon indictment was fatally defective because he was charged with one offense but convicted of a different offense. Thus, under Defendant's reasoning, the indictment did not allege an offense date for the crime the State convicted him of committing. Relying on Langley I , we agreed and vacated the habitual felon conviction.
In Langley I , this Court evaluated a habitual felon indictment substantially similar to the indictment in the case sub judice . The habitual felon indictment alleged defendant committed robbery with a dangerous weapon but the jury convicted defendant of common law robbery. --- N.C. App. at ----, 803 S.E.2d at 169. The Court held "[t]he dates of offense and the corresponding dates of conviction are essential elements of the habitual felon indictment because of the temporal requirements of N.C.G.S. § 14-7.1 [.]" Id. at ----, 803 S.E.2d at 172. This Court determined the habitual felon indictment was fatally defective because N.C. Gen. Stat. § 14-7.3 requires there "be two dates listed for each prior felony conviction put forth in the habitual felon indictment-both the date the defendant committed the felony and the date the defendant was convicted of that same felony in the habitual felon indictment." Id. at ----, 803 S.E.2d at 171 (citing N.C. Gen. Stat. § 14-7.3 ; Cheek , 339 N.C. at 729-30, 453 S.E.2d at 865 ). Accordingly, this Court vacated defendant's status as a habitual felon and remanded for resentencing without the habitual felon enhancement. Id. at ----, 803 S.E.2d at 172.
In Langley II , the Supreme Court held the indictment at issue was not fatally defective, and accordingly reversed this Court's decision to the contrary and remanded to this Court "for consideration of defendant's remaining challenge to the trial court's judgments." 371 N.C. at 390, 817 S.E.2d at 193. The Supreme Court held "the habitual felon indictment returned against defendant in this case contains all of the information required by N.C.G.S. § 14-7.3 and provides defendant with adequate notice of the bases for the State's contention that defendant had attained habitual felon status." Id. at 390, 817 S.E.2d at 193. The Supreme Court stated:
we note that the habitual felon indictment returned against defendant in this case alleged that defendant had committed the offenses of robbery with a dangerous weapon and had been convicted of the lesser included offenses of common law robbery. It is well settled that an indictment for an offense includes all the lesser degrees of the same crime, so that, when a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense when the greater offense charged in the bill of indictment contains all of the essential elements of the lesser. As a result, when defendant allegedly committed the offense of robbery with a dangerous weapon on 8 October 2009 and 24 August 2011, he also committed the lesser included offense of common law robbery. Thus, the Court of Appeals' statement that "[i]t would be an impermissible inference to read into the indictment that common law robbery took place on 8 October 2009 or 24 August 2011 because that is not what the grand jury found when it returned its bill of indictment," to the contrary notwithstanding, the habitual felon indictment returned against defendant in this case did effectively allege that defendant had both committed and been convicted of common law robbery.
Id. at 396, 817 S.E.2d at 196-97 (citations and some quotation marks omitted).
Here, the habitual felon indictment alleged Defendant committed the offense of robbery with a dangerous weapon on 15 September 1998. Following the Supreme Court's holding in Langley II , he also committed the lesser included offense of common law robbery. We conclude, therefore, the indictment properly alleged an offense date for the crime the State convicted Defendant of committing.
Next, Defendant contends the indictment failed to allege on which dates he committed the predicate offenses. Defendant argues "[t]he dates the offenses were committed and the corresponding dates of conviction are essential elements of an habitual felon indictment because of the temporal requirement of N.C.G.S. § 14-7.1."
In the habitual felon indictment, the dates alleged are the dates the State charged Defendant with the crimes, not the dates Defendant committed the crimes. While we recognize N.C. Gen. Stat. § 14-7.3 requires a habitual felon indictment to include the dates each prior felony was "committed" and the dates on which a defendant was "convicted" of each felony, this Court has not previously required strict compliance even with the express requirements of section 14-7.3. In State v. May , this Court stated "[t]he date of the felony offense accompanying the habitual felon indictment is not an essential element of establishing habitual felon status." 159 N.C. App. 159, 163, 583 S.E.2d 302, 305 (2003) (holding the trial court did not err by allowing the State to amend a habitual felon indictment to allege the date of the offense rather than the date of arrest).
In State v. Locklear , this Court ruled the trial court did not err in allowing the State to amend defendant's habitual felon indictment in order to correct the date on which defendant committed the prior felony. 117 N.C. App. at 260, 450 S.E.2d at 519. This Court explained:
The term "amendment" in North Carolina General Statutes § 15A-923(e) has been defined as "any change in the indictment which would substantially alter the charge set forth in the indictment." State v. Price , 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984). "Ordinarily, the date alleged in the indictment is neither an essential nor a substantial fact, and therefore the State may prove that the offense was actually committed on some date other than that alleged in the indictment without the necessity of a motion to change the bill." State v. Cameron , 83 N.C.App. 69, 72, 349 S.E.2d 327, 329 (1986). "The failure to state accurately the date or time an offense is alleged to have occurred does not invalidate a bill of indictment nor does it justify reversal of a conviction obtained thereon." Id. See also North Carolina General Statutes § 15-155 (1983).
Id. at 260, 450 S.E.2d at 519. Thus, it was "the fact that another felony was committed, not its specific date, which was the essential question in the habitual felon indictment." Id. at 260, 450 S.E.2d at 519.
As long as the habitual felon indictment put defendant on notice that he was being tried as a recidivist, this Court has not found the indictment fatally defective to the trial court's jurisdiction. In State v. Smith , this Court held the State gave defendant sufficient notice when it charged him as a habitual felon, where the indictment alleged the date upon which defendant was sentenced for the prior crime, instead of the date on which defendant pled guilty. 112 N.C. App. 512, 516, 436 S.E.2d 160, 162 (1993). Although the indictment in Smith did not contain the date upon which defendant pled guilty, this Court held the defect was not fatal because the indictment still notified defendant of the prior felony conviction that would be used to convict him as a habitual felon. Id. at 516, 436 S.E.2d at 162.
This Court found no error in State v. Lewis , where the trial court allowed the State to amend a habitual felon indictment when the original indictment incorrectly stated the date and county of the prior conviction. 162 N.C. App. 277, 284, 590 S.E.2d 318, 323-24 (2004). This Court reasoned since the indictment correctly alleged the type and the date of the offense, it provided defendant sufficient notice of the conviction used to support the habitual felon status. Id. at 284-85, 590 S.E.2d at 324. Correcting the date and county of the conviction did not "substantially alter" the charge set forth in the indictment, so this Court ruled the amendment was proper. Id. at 284-85, 590 S.E.2d at 323-24.
In Taylor , this Court determined the trial court correctly allowed the State to amend a habitual felon indictment that incorrectly alleged the dates the prior felonies were committed. 203 N.C. App. at 454-55, 691 S.E.2d at 761. In that case, this Court held the amendment was proper since defendant still received notice that he was being tried as a habitual felon. Id. at 457-58, 691 S.E.2d at 763.
Under this indictment, we conclude the trial court had jurisdiction to try Defendant as a habitual felon. Pursuant to May , the date the felony offense was committed was not "essential" to the indictment. See May , 159 N.C. App. at 163, 583 S.E.2d at 305. As in Locklear , the State may prove the offense was committed on another date other than what was alleged, without changing the indictment. See Locklear , 117 N.C. App. at 260, 450 S.E.2d at 519. We do not find the date of the charge, as opposed to the date of conviction, to substantially alter the charges in the habitual felon indictment. See id . at 260, 450 S.E.2d at 519 ; see also Price , 310 N.C. at 598, 313 S.E.2d at 558 ; May , 159 N.C. App. at 163, 583 S.E.2d at 305 ; Locklear , 117 N.C. App. at 260, 450 S.E.2d at 519 ; Lewis , 162 N.C. App. at 284 590 S.E.2d at 323-24.
Here, Defendant was informed of the fact that another felony had been committed. See Locklear , 117 N.C. App. at 260, 450 S.E.2d at 519. The defect as to the date listed was not fatal, because Defendant, as "a person of common understanding" would have notice he was being tried as a recidivist. See State v. Haddock , 191 N.C. App. at 477, 664 S.E.2d at 342 ; see also Smith , 112 N.C. App. at 516, 436 S.E.2d at 162 ; Taylor , 203 N.C. App. at 454-55, 691 S.E.2d at 761.
IV. Conclusion
On remand the Court has examined all aspects of Defendant's challenge to the sufficiency of the habitual felon indictment. For the foregoing reasons, we find no error in the indictment and all other issues raised on appeal except for the judgment against Defendant for eight counts of felony larceny, which this Court discussed in its prior opinion, and on that issue we vacate seven of the eight counts of felony larceny and remand the case for resentencing for one count of felony larceny, based on our earlier opinion in this case.
NO ERROR IN PART, VACATE IN PART, AND REMAND.
Report per Rule 30(e).
Judges DIETZ and ZACHARY concur.