IN THE MATTER OF N.J.

No. COA11-1369

(Filed 19 June 2012)

**1. Juveniles—motion to suppress drugs—failure to make any written or oral findings of fact or conclusions of law prior to ruling**

The trial court erred in a drugs case by failing to make any written or oral findings of fact or conclusions of law prior to ruling on a juvenile's motion to suppress in violation of N.C.G.S. § 15A-977(f). The case was reversed and remanded for entry of findings of fact and conclusions of law related to the denial of the juvenile's motion to suppress.

**2. Juveniles—possession of a controlled substance with intent to manufacture, sell, or deliver—failure to inform of most restrictive disposition prior to accepting admission**

The trial court erred in a possession of a controlled substance with intent to manufacture, sell, or deliver case by failing to inform a juvenile of the most restrictive disposition on the charge prior to accepting his admission.

Appeal by Juvenile from orders entered 3 August 2011 by Judge Pat Evans in District Court, Durham County. Heard in the Court of Appeals 3 April 2012.

*Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Hannah Hall, for Juvenile.*

McGEE, Judge.

**IN RE N.J.**

[221 N.C. App. 427 (2012)]

Officer Christopher Tidwell (Officer Tidwell) and Officer Kimbell[1] of the Durham Police Department were on patrol early in the evening of 27 February 2011. The two officers were on foot, looking for trespassers at a Durham Housing Authority housing complex when they came upon N.J. (Juvenile) and three other people, sitting on an electrical box located on the housing complex grounds. Two of the other three people were females, one adult and one seventeen-year-old juvenile. The other person was a juvenile male, J.J. As the officers were approaching the four individuals, Officer Tidwell noticed a toboggan-style hat being tossed from the direction of the electrical box onto the ground. The officers asked the four individuals if they were trespassing. All four responded that they were not. J.J. stated that he lived in the housing complex with one of his parents.

Officer Tidwell asked J.J. if he could search him for weapons, and J.J. consented to the search. During the search, Officer Tidwell felt something in J.J.'s jeans, and asked J.J. if it was marijuana. J.J. admitted that it was marijuana, and Officer Tidwell handcuffed and arrested J.J. At this time, Officer Kimbell conducted a pat-down weapons search of the other three individuals. Nothing was found on Juvenile or on the two women and they were asked to sit back down on the electrical box. The officers began questioning Juvenile and the women concerning where they lived. While Officer Kimbell continued to talk with Juvenile and the women, Officer Tidwell walked over to the toboggan laying on the ground, and picked it up. Inside the toboggan, Officer Tidwell discovered thirteen individually-wrapped plastic bags containing a green leafy substance. Officer Tidwell asked, "whose marijuana it was" and Juvenile answered that it was his. Juvenile was then arrested. The contents of seven of the thirteen plastic bags were analyzed by the State Bureau of Investigation crime lab and were determined to be marijuana. The State filed a petition on 14 March 2011 charging Juvenile with possession of a controlled substance with intent to manufacture, sell, or deliver.

During Officer Tidwell's testimony at the adjudication hearing, Juvenile moved to suppress statements Juvenile had made regarding the marijuana. Juvenile argued that he was in custody at the time Officer Tidwell asked who the marijuana belonged to, but that Juvenile had not been advised of his rights under *Miranda* or the North Carolina Juvenile Code. Juvenile argued that this violated his rights, including rights under the Fifth Amendment to the United

---

1. Officer Kimbell's first name is not included in the record.

**IN RE N.J.**

[221 N.C. App. 427 (2012)]

States Constitution, and required the suppression of Juvenile's statement. The trial court denied Juvenile's motion to suppress.

Juvenile then agreed to admit to one count of possession of a controlled substance with intent to manufacture, sell, or deliver, but retained his right to appeal the denial of his motion to suppress. In its colloquy with Juvenile, the trial court touched on the six requirements set out in N.C. Gen. Stat. § 7B-2407(a) for accepting Juvenile's admission, including the requirement that the trial court personally inform "the juvenile of the most restrictive disposition on the charge." N.C. Gen. Stat. § 7B-2407(a)(6) (2011). To this end, the trial court asked Juvenile: "Have you discussed the most serious or severe disposition of this charge given your delinquency history level with your attorney?" Juvenile answered: "Yes, ma'am." The trial court then asked: "And now do you personally admit the charge?" Juvenile again answered: "Yes, ma'am." The trial court did not, however, personally inform Juvenile as to what the most restrictive disposition on the charge could be. The trial court accepted Juvenile's admission, and entered disposition. A Transcript of Admission memorializing the admission agreement was filed on 3 August 2011. Juvenile appeals.

## I. Findings of Fact and Conclusions of Law

[1] In his second argument, Juvenile contends that "[t]he trial court erred by failing to make any written or oral findings of fact or conclusions of law prior to ruling on [his] motion to suppress in violation of N.C. Gen. Stat. § 15A-977(f)." We agree.

Initially, though neither Juvenile nor the State addresses this issue, we must determine if N.C. Gen. Stat. § 15A-977(f) applies in this case. N.C. Gen. Stat. § 15A-977 is titled: "Motion to suppress evidence in superior court; procedure." N.C. Gen. Stat. § 15A-977 (2011). There is nothing in N.C.G.S. § 15A-977 to suggest that it applies to motions to suppress in district court. However, in *State v. Norris*, this Court held that "the procedural standards for juveniles must be at least as strict as those for adults" and applied the protections found in N.C. Gen. Stat. 15A–974 to the juvenile defendant in *Norris*. *Norris*, 77 N.C. App. 525, 529, 335 S.E.2d 764, 766 (1985), *disapproved of on other grounds by In re Stallings*, 318 N.C. 565, 350 S.E.2d 327 (1986). N.C. Gen. Stat. § 15A-974, "Exclusion or suppression of unlawfully obtained evidence[,]" states in relevant part:

(a) Upon timely motion, evidence must be suppressed if:

(1) Its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina[.]

. . . .

(b) The court, in making a determination whether or not evidence shall be suppressed under this section, shall make findings of fact and conclusions of law which shall be included in the record, pursuant to G.S. 15A-977(f).

N.C. Gen. Stat. § 15A-974 (2011). Unlike N.C.G.S. § 15A-977, nothing in N.C.G.S. § 15A-974 limits its provisions to superior court. N.C.G.S. § 15A-977(f) states: "The judge must set forth in the record his findings of facts and conclusions of law." This Court, in *State v. Baker*, addressed the proper standard to use when determining whether a trial court had complied with N.C.G.S. § 15A-977, stating:

We observe that the language of section 15A–977(f) is mandatory—a trial court "*must* set forth in the record [her] findings of fact and conclusions of law." N.C. Gen. Stat. § 15A–977(f) (2007) (emphasis added). *Compare In re Hardy*, 294 N.C. 90, 240 S.E.2d 367 (1978) (noting that, when a statute employs the word "may," it ordinarily shall be construed as permissive and not mandatory, but legislative intent must control the statute's construction) *with State v. Inman*, 174 N.C. App. 567, 621 S.E.2d 306 (2005) (observing that use of the words "must" and "shall" in a statute are deemed to indicate a legislative intent to make the provision of the statute mandatory such that failure to observe it is fatal to the validity of the action)[.]

The language of section 15A–977(f) has been interpreted as mandatory to the trial court "*unless* (1) the trial court provides its rationale from the bench, *and* (2) there are no material conflicts in the evidence at the suppression hearing." "If these two criteria are met, the necessary findings of fact are implied from the denial of the motion to suppress." The North Carolina Supreme Court has articulated its preference that a trial court make findings of fact, even when no material conflict in the evidence exists, opining that "it is always the better practice to find all facts upon which the admissibility of the evidence depends." A record containing findings of fact and conclusions of law will facilitate "a meaningful appellate review of the [trial court's] decision."

In the absence of controlling authority to the contrary, and in light of the mandatory language contained in section 15A–977(f),

we conclude that when a trial court's failure to make findings of fact and conclusions of law is assigned as error, the appropriate standard of review on appeal is as follows: The trial court's ruling on the motion to suppress is fully reviewable for a determination as to whether the two criteria set forth in *Williams*[2] have been met—(1) whether the trial court provided the rationale for its ruling on the motion to suppress from the bench; and (2) whether there was a material conflict in the evidence presented at the suppression hearing. If a reviewing court concludes that both criteria are met, then the findings of fact are implied by the trial court's denial of the motion to suppress, . . . and shall be binding on appeal if supported by competent evidence[.] If a reviewing court concludes that either of the criteria is not met, then a trial court's failure to make findings of fact and conclusions of law, contrary to the mandate of section 15A–977(f), is fatal to the validity of its ruling and constitutes reversible error.

*State v. Baker*, ___ N.C. App. ___, ___, 702 S.E.2d 825, 828-29 (2010) (some citations omitted).

In the present case, the trial court had to determine whether Juvenile's inculpatory statement was obtained in violation of Juvenile's constitutional rights and, specifically, whether Juvenile was in custody for the purposes of a Fifth Amendment *Miranda* analysis such that *Miranda* warnings (and state statutory warnings) were required. Following the suppression hearing, the trial court made no written or oral findings of fact or conclusions of law and failed to articulate any rationale for its denial of Juvenile's motion to suppress. The trial court simply stated to Juvenile's council: "Your motion is denied at this time."

Because the trial court failed to provide its rationale for denying the motion, and also failed to make findings of fact and conclusions of law, we reverse and remand for the entry of findings of fact and conclusions of law relating to the denial of Juvenile's motion to suppress. *Baker*, ___ N.C. App. at ___, 702 S.E.2d at 833.

## II.  Most restrictive disposition

[2] In Juvenile's third argument, he contends that the trial court erred by failing to inform him of "the most restrictive disposition on the charge prior to accepting [his] admission." We agree.

2. *State v. Williams*, 195 N.C. App. 554, 555, 673 S.E.2d 394, 395 (2009).

**IN RE N.J.**

[221 N.C. App. 427 (2012)]

According to N.C. Gen. Stat. § 7B-2407 (2011): "When admissions by juvenile may be accepted. . . . The court may accept an admission from a juvenile only after first addressing the juvenile personally and: . . . (6) Informing the juvenile of the most restrictive disposition on the charge."

The State agrees with Juvenile that the trial court failed to inform the Juvenile personally of the most restrictive disposition associated with the charge to which Juvenile admitted. Our review of the transcript reveals that Juvenile's argument has merit. We vacate the adjudication and disposition orders in this case and remand to the trial court. We also vacate the 3 August 2011 admission agreement entered into by Juvenile and the State.

### III.  Review

In light of our holdings above, we do not address Juvenile's additional arguments. The adjudication and disposition orders in this matter are vacated. This matter is remanded to the trial court to articulate its rationale, supported by findings of fact and conclusions of law, for either granting or denying Juvenile's motion to suppress. The trial court may, in its discretion, receive new evidence to this end.

Vacated in part, reversed in part and remanded.

Judges STEPHENS and HUNTER, JR. concur.