HUNTER, JR., Robert N., Judge.
L.F. ("Lucia")[1] appeals from an order adjudicating her delinquent for committing the offense of robbery with a dangerous weapon. Lucia argues the trial court erred in accepting her admission of responsibility because the trial court, defense counsel, and the prosecutor misinformed her regarding the most serious disposition she could receive. After review, we vacate and remand.
I. Factual and Procedural Background
On 14 November 2016, Detective E.G. Miller with the Greensboro Police Department filed a juvenile petition alleging Lucia was a delinquent juvenile. The petition alleged Lucia committed robbery with a dangerous weapon, a Class D offense.
On 8 December 2016, the trial court held an adjudication hearing on the petition. The State presented the following factual summary:
On 12 November 2016, Clarence Headen went to the Howard Johnson Hotel in Greensboro, North Carolina to have sex with "Passion," a prostitute he met online. After the two engaged in sexual intercourse, another man exited the armoire inside the hotel room. The man held a pistol, which he then handed to Passion. Passion "held ... Headen at gunpoint; searched his pockets" and took $650 in cash, along with his shoes and hat.
Headen left the hotel room, went down to his car in the hotel parking lot, and called 911. While calling, he looked up to the hotel room and saw Passion "peeking out the window." Then, she "came down the stairs, began to follow him on foot ... while he was in his vehicle, shooting shots at the vehicle." Police officers arrived and detained two women, one of whom Headen identified as "Passion," noting a tattoo on her face. Police later identified the woman as fifteen-year-old Lucia.
Lucia's counsel informed the trial court that Lucia would enter an Alford admission of responsibility. The Transcript of Admission specified "the most serious/severe disposition on the charge" available for robbery with a dangerous weapon, based on her prior record, was a "Level 2 disposition." Lucia, her defense counsel, the trial court, and the State signed the Transcript of Admission. The trial court accepted Lucia's plea and transferred the case to Durham County, for a secure custody hearing to be held within ten days.
Lucia, thereafter, obtained a new trial attorney. On 6 February 2017, Lucia's defense counsel filed a motion for appropriate relief in Durham County District Court, seeking to have Lucia's admission vacated on the ground her admission was not made knowingly and voluntarily. More specifically, counsel contended the Transcript of Admission erroneously informed Lucia of "the most serious/severe level of disposition." The State consented to the motion. Nonetheless, the trial court denied the motion for appropriate relief, concluding it lacked jurisdiction to vacate an order entered by the Guilford County District Court.
The trial court did not enter a disposition in Lucia's case. On 13 February 2017, Lucia entered written notice of appeal from the 12 December 2016 adjudication order.[2]
II. Jurisdiction
As an initial matter, we note Lucia timely filed her notice of appeal. However, Lucia concedes she committed the following errors: (1) filed in Durham County; (2) did not state the court to which she appealed; and (3) failed to demonstrate she served the notice of appeal upon the State, in violation of Rule 3 of the North Carolina Rules of Appellate Procedure. In recognition of this fact, Lucia's counsel filed a petition for writ of certiorari contemporaneously with the filing of the appellate brief, asking this Court to review the trial court's adjudication order. The State does not oppose issuance of the writ, and, in our discretion, we allow her petition for writ of certiorari.
III. Analysis
Lucia argues the trial court erred in accepting her admission of responsibility where the trial court, defense counsel, and the prosecutor all misinformed her about the most serious disposition she could receive. The State concedes the validity of her argument, and we agree the trial court's order must be vacated and this matter remanded.
N.C. Gen. Stat. § 7B-2508 controls the "[d]ispositional limits for each class of offense and delinquency history level[.]" N.C. Gen. Stat. § 7B-2508 (2015). The statute provides any Class A through Class E felony offense is considered a "violent" offense, and any violent offense can result in a Level Three disposition. N.C. Gen. Stat. § 7B-2508(a)(1), (f). Robbery with a dangerous weapon is a Class D felony, if committed by an adult. N.C. Gen. Stat. § 14-87(a) (2015). Thus, Lucia could have received a Level Three disposition upon admitting her responsibility.
N.C. Gen. Stat. § 7B-2407 provides a trial court "may accept an admission from a juvenile only after determining that the admission is a product of informed choice." N.C. Gen. Stat. § 7B-2407(b) (2015). "Informing the juvenile of the most restrictive disposition on the charge" also is a necessary prerequisite for the court to accept an admission of the juvenile. N.C. Gen. Stat. § 7B-2407(a)(6). Failure to advise a juvenile correctly as to the possible disposition for the charge is per se reversible error. See, e.g. , In re N.J. , 221 N.C. App. 427, 431-32, 728 S.E.2d 9, 12 (2012) (vacating the adjudication order, disposition order, and admission agreement where the trial court failed to inform the juvenile of the most serious disposition that could be imposed).
In the present case, the Transcript of Admission signed by Lucia, her trial attorney, the State, and the trial court incorrectly informed her that she faced, at most, a Level Two disposition. Additionally, the trial court repeated the error during the admission colloquy. At no point before her adjudication did anyone inform Lucia she could receive a Level Three disposition. Thus, Lucia's admission was not a product of informed choice, and the trial court's adjudication order must be vacated. We vacate the adjudication order and, consequently, also vacate the 8 December 2016 admission agreement entered into by Lucia and the State.
IV. Conclusion
For the foregoing reasons, we vacate the trial court's adjudication order and the 8 December 2016 admission agreement. We remand for further proceedings consistent with this opinion.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.

We use this pseudonym to protect the identity of the juvenile-appellant.

While a juvenile ordinarily cannot appeal from an adjudication order, N.C. Gen. Stat. § 7B-2602 allows a juvenile to do so "if no disposition is made within 60 days after entry of the [adjudication] order [.]" N.C. Gen. Stat. § 7B-2602 (2015). Lucia satisfied the requirement of section 7B-2602, that notice of appeal in such instance was given within seventy days after entry of the adjudication order.